Curia, per
Evans, J.
It must be borne in mind that the defendant Bacot, was a prisoner in execution on civil process, and all the observations which I propose to make on the construction of the Acts of the Legislature applicable, to this case, will be restricted to such persons. By the 3d section of the Act of 1788, P. L. 456, commonly called the prison bounds Act, it is provided that all prisoners in exe *362 cution on any civil process shall be entitled to the benefit of the rules, bounds andlimits, provided he or she shall, within forty days after being taken in execution, give satisfactory security to the sheriff that he or she will not only remain within the said rules, bounds or limits, but will also, within forty days, render to the cleric a schedule on oath or affirmation, of his or her whole estate, or so much thereof as will pay or satisfy the sum due on the execution, by force of which he or she shall be confined.
By the 4th section, the clerk is required to give notice, within ten days after the receipt of the schedule, that the prisoner will be liberated and the property assigned, unless satisfactory cause to the contrary is shown. By the 6th section of the same Act, if any person confined on execution (unless such person has been in actual confinement above forty days) be determined to deliver up all his or her estate and effects, and to take the benefit of the Act for the relief of insolvent debtors, passed the 7th day of April, 1759, he or she may do so, although he or she may have given bail to the action, or not surrendered him or herself within ten days after arrest, or not presented a petition within forty days after confinement, or not been actually confined three months, provided he or she shall comply with the other requisites of the said Act. By the 1st section of the Act of 1759, P. L., 247, if any person be sued, arrested, or impleaded, for any debt,- duty, or demand, and shall be minded to surrender all his estate towards the satisfaction of the debts wherewith he stands charged, it shall be lawful for such person, within one month after he or she shall be taken in custody, to exhibit a petition to any court of law whence the process issued against him, certifying the causes of his imprisonment, together with an account of his or her whole estate, upon which the court shall cause the petitioner to be brought before them, and also the creditor, &c., to be summoned by public notice to be given three months, &c.
By the Act of 1840, any prisoner in execution on final process, who shall refuse for ten days to make an assignment of the estate and effects embraced in his schedule, according to the order of the Judge, &c., he shall no longer be entitled to the bounds. By the Act of 1841, every pri *363 soner in execution, who shall take the benefit of the rules, shall be obliged not only to render the schedule now required, but shall also, at the expiration of the notice prescribed under the insolvent debtor’s and prison bounds Acts, respectively, assign and surrender, as far as in his power, the property mentioned in the said schedule, and in default of such assignment and surrender, the bond for the rules shall be forfeited, «fee.
I have thus embodied, in this opinion, all the various Acts of the Legislature which apply to this case, in order that the provisions of them may be collected together, and the meaning more easily ascertained. From a review of them, I think the following conclusions may be drawn.
1. That every prisoner in execution is entitled to the bounds, on his giving to the Sheriff security to remain within them, and to render a schedule on oath within forty days; provided, if he intends to take the benefit of the Act for the benefit of insolvent debtors, passed in 1759, he or she has not been in actual confinement forty days.
2. Whether the prisoner intends to take the benefit of either of the said Acts, if he has the privilege of the bounds, he must according to his bond, render a schedule on o.ath. The circumstance, therefore, that Bacot, in this case, had rendered a schedule on oath, affords no criterion whereby we can determine under what Act he intended to apply for his discharge, as seems to have been supposed by the circuit Judge.
3. Where the prisoner renders in a schedule on oath of his whole estate, he lias the right to apply for a discharge under either of the said Acts. If he applies for a discharge under the Act of 1788, he need file no petition, but the clerk is required, within ten days after the receipt of the schedule, to give notice that the prisoner will be discharged, and the schedule assigned, unless satisfactory cause to the contrary be shown before one or more of the Judges of the court from whence the process originates, or one of the Commissioners of special bail. In this case no petition was filed, and therefore, if the prisoner made any application for discharge, it was not under the insolvent debtors’ Act, which requires the application to be made by petition. The Act requires the clerk, within ten days after the filing *364 the schedule, to give notice, hut then that must mean he shall give notice on the application of the prisoner, for if the clerk is bound in all cases to give the notice, whether applied for or not, then the clerk has the election, and not the prisoner, whether he shall be discharged under the one Act or the other. In this case it is contended Bacot’s bond is forfeited, because he did not assign his schedule at the expiration of the ten day rule posted by the clerk. If this rule had been posted in pursuance ,of the application of the prisoner, then I think he had made' his election to apply for a discharge under the act of 1788, audit may be, was bound to assign at the expiration of the notice, in order to save his bond. But the evidence on this point is by no meáns satisfactory, and was not submitted to the jury.— The opinion of the circuit Judge seems, from the report, to have turned on the fact, that the schedule was sworn to, as a sufficient evidence of the election of the prisoner.— In this I think he was clearly in error, and that the case may be submitted to the jury on the other point, a new trial must be ordered.
The court is of opinion, with the circuit Judge, that the bond was sufficient to bind the parties, so far as it was attempted to charge them in this case.
Motion granted.
Richardson, Q’Neall, Earle and Butler, JJ., concurred.